UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFREY HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00209-WTL-MJD |
| | ) | |
| CORIZON HEALTH INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Unopposed Motions for Summary Judgment
and Directing Entry of Final Judgment**

Jeffrey Hayden filed this action on May 8, 2017, contending that his constitutional rights were violated while he was incarcerated at the Wabash Valley Correctional Facility (WVCF). Mr. Hayden alleged that he broke his leg in May 2015 and has not received adequate and proper medical care since. He was represented by counsel when his complaint was filed. Mr. Hayden's action is a state law claim for negligence. After filing the complaint, Mr. Hayden's counsel withdrew and Mr. Hayden is now proceeding pro se.

Defendant Corizon Health LLC now moves for summary judgment arguing that Mr. Hayden failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Hayden sought and received two extensions of time in which to file a response to the motion for summary judgment. *See* Dkt. Nos. 54, 55, 56, & 57. However, the deadline for responding – September 14, 2018 – has passed and no response has been filed.

For the reasons explained below, Corizon Health LLC's motion for summary judgment, Dkt. No. 50, is **granted.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled

to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, Corizon Health LLC, the Indiana Department of Correction's contract provider of inmate health services, bears the burden of demonstrating that Mr. Hayden failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II. Undisputed Facts

As just noted, despite two extensions of time, no response to the summary judgment motion was filed by Mr. Hayden and the deadline for doing so has passed. The consequence is that Mr. Hayden has conceded Corizon's version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts are accepted as true: at all times relevant to this action, Mr. Hayden was an inmate at the WVCF. An offender grievance process was available to

Mr. Hayden at all times relevant to this action. Mr. Hayden has not filed any grievances concerning medical issues, non-medical issues, or complaints. The issues concerning the lack of proper medical treatment for his broken leg were not grieved by Mr. Hayden at any time.

### III. Discussion

Corizon Health, LLC, has met its burden of proving that Mr. Hayden had available remedies that he did not utilize. *Ross v. Blake*, 136 S. Ct. 1850 (2017) (discussing availability of administrative remedies).

Given the failure to respond to the instant motion, Mr. Hayden has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by Corizon Health, LLC, that establish Mr. Hayden's failure to pursue all, much less any, steps in the grievance process. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hayden's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

### IV. Conclusion

For the reasons explained above, Corizon Health, LLC's, motion for summary judgment, Dkt. No. 50, is **granted.** Judgment consistent with this Order shall now issue.

This Order renders moot Corizon Health, LLC's, motion to stay, and that motion, Dkt. No. 59, is therefore **denied** as moot.

**IT IS SO ORDERED.**

Date: 9/24/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Hayden
117434
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
Carlisle, IN 47838

Electronically Registered Counsel